UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS MINCER,

    Plaintiff,

-vs-                                      CASE NO.:

TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Douglas Mincer (hereinafter "Plaintiff"), sues Defendants, Trans Union, LLC; Equifax Information Services, LLC; and Experian Information Solutions, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Brevard County, Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Under information and belief, Trans Union, LLC (hereinafter "Trans Union"), is a corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661, authorized to conduct business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.

7. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

9. Under information and belief, Equifax Information Services, LLC (hereinafter "Equifax"), is a corporation with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 303096, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7.     Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.     Under information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

10.    Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.    The Defendants are considered by many to be the "big three" credit reporting agencies in the United States today.

13. Plaintiff is a United States Army Veteran who honorably served our Country from 1975 – 1988.

14. Through the United States Department of Veterans Affairs, Plaintiff coordinated with his physician to have open heart surgery.

15. The surgery took place in or around August of 2016.

15. The cost of the surgery and any and all related treatment(s) were 100% covered by Plaintiff's Veterans Affairs benefits.

16. In or around mid-2019 Plaintiff became aware that non-party "The Preferred Group of Tampa" was furnishing information to the Defendants regarding treatment from non-party "Health First Medical Group".

17. Specifically, The Preferred Group of Tampa began furnishing information to the Defendants that Plaintiff had two collection accounts with Health First Medical Group in the amount of $160 and $146 respectively.

18. The Preferred Group of Tampa was furnishing information to the Defendants that each of the aforementioned accounts were in collections as of June 2019.

19. Subsequently, Trans Union began reporting that Plaintiff owed The Preferred Group of Tampa past due amounts of $160 and $146 regarding the aforementioned accounts effective June 2019.

20. Subsequently, Equifax began reporting that Plaintiff owed The Preferred Group of Tampa past due amounts of $160 and $146 regarding the aforementioned accounts effective June 2019.

21. Subsequently, Experian began reporting that Plaintiff owed The Preferred Group of Tampa past due amounts of $160 and $146 regarding the aforementioned accounts effective June 2019.

22. The actions and/or inactions of the Defendants caused the Plaintiff's credit score to drop dramatically.

22. Plaintiff has an immaculate credit history. Prior to this false information being published on Plaintiff's credit reports as prepared by the Defendants, Plaintiff had a FICO credit score over 800.

23. Due to the actions and/or inactions of the Defendants, Plaintiff's FICO credit score fell below 700.

24. Plaintiff went to great lengths to get the Defendants to remove the inaccurate information they were reporting from his credit reports.

25. For instance, Plaintiff wrote to Florida Senator Bill Nelson seeking his help or intervention in this matter.

26. Plaintiff has wasted countless hours of his personal time attempting to resolve this matter.

27. Plaintiff has wasted money on postage sending certified mail to the Defendants in order to correct the mistakes being reported on his credit reports.

28. Plaintiff has suffered from unnecessary and unwanted humiliation, anger, stress, worry, and frustration associated with a diminished credit score.

29. Plaintiff has held off on his plans to apply for credit based on his diminished credit score. As a result, Plaintiff has suffered from a lack of ability to benefit from his otherwise excellent credit.

30. Fortunately, after retaining counsel Plaintiff sent correspondence to the Defendants and was able to get the aforementioned inaccurate accounts removed from his credit reports. However, he is still suffering from the aforementioned damages he incurred during the time when Defendants were reporting blatantly false information on his credit reports.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Trans Union

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

32. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

33. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a financial loss, loss of his personal time, and the emotional distress described throughout this complaint.

34. Trans Union's conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
### Violations of the Fair Credit Reporting Act as to Equifax

36. Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

37. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a financial loss, loss of his personal time, and the emotional distress described throughout this complaint.

39. Equifax's conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to Experian

41. Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

42. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

43. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a financial loss, loss of his personal time, and the emotional distress described throughout this complaint.

44. Experian's conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
FBN: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MJones@forthepeople.com
*Counsel for Plaintiff*